# FINDLEY v. THE STATE BANK.

1. The Bank is not affected by a conditional execution of a note by a surety, of which it has no knowledge.
2. When a note is offered to a Bank for discount, and refused, unless an additional surety is given, which is not done, and afterwards, the note is put in suit by the Bank—*Held*, that the Bank, to show title in the note, must prove that it was afterwards discounted, and the money received by the principal, or carried to his credit, in the extinction of an old debt. Leaving the note with the officers of the Bank, is a repetition of the offer to discount.
3. Proof that the old debt was extinguished, would be evidence *prima facie* of the acceptance and discount of the note by the Bank.

ERROR to the County Court of Tuskaloosa.

This was a motion by the Bank against the plaintiff in error, on a note negotiable and payable at the Bank by Ransom Covey, as principal, and the plaintiff in error and one James Rogers as his sureties.

An issue being made up between the parties, and submitted to a jury, the defendant proved that he was a mere surety to the note, and that he signed it upon the condition that one Nicholas Perkins, or some other solvent person, should sign it as co-surety, and that it was not otherwise to be used. That Covey, the principal, procured Rogers to sign it as surety, who was insolvent.—— That on its being presented to the bank, one of the directors advised the board, that Rogers was insolvent; that thereupon the note was discounted by the board upon the condition that another good name should be obtained, and that no other name was obtained on said note. Upon the note which was produced, was the following memorandum, "taken March 12, 1840—cond't another name." It did not appear that the Bank had any knowledge

of the condition upon which the note was signed by the defendant.

Upon this evidence, the counsel for defendant moved the court to charge that the facts above stated, if believed by the jury, did not prove that any title to the note vested in the bank, so as to authorize a recovery in this case, which charge the court refused, and to which the defendant excepted, and now assigns for error.

PECK and CLARKE, for plaintiff in error.

B. F. PORTER, *contra.*

ORMOND, J.—The Bank being ignorant of the condition on which the note was executed by the surety, is not affected by it, but we think there is no sufficient evidence in the record, that it has title in the note. The fact of possession, is, in general, sufficient evidence of ownership *prima facie,* but here, it is shown that the Bank refused to discount the note, unless another surety was obtained to it, which was not done. Doubtless the directory may afterwards have altered their determination, and have discounted the note in its then condition, but there is no proof that this was done, and it would be going rather too far to infer this from the mere fact of putting it in suit.

It was urged in argument, that the surety was not liable, unless the principal received the money on the note. This position cannot be sustained. The execution of the note by the surety, was *prima facie* an authority to the principal to use it, either in the extinguishment of an old debt due the Bank, or for the purpose of obtaining money from the Bank. Nor was it necessary after the rejection of the note by the Bank in the first instance, that it should be again presented by the principal for discount.— The leaving of the note with the officers of the Bank after its first rejection was a repetition of the proposition, and authorized the Bank at any subsequent time, to accept the note in its then condition, and if the principal was indebted to the Bank, to carry the amount to his credit, in extinction of the old indebtedness, and proof that the old debt was thus extinguished, would be evidence *prima facie,* of the acceptance of the note by the Bank.

Let the judgement be reversed, and the cause remanded.